

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

**Economic Crimes Unit**

| | | |
|---|---|---|
| *Aaron Mendelsohn*<br>*Assistant United States Attorney* | 970 Broad Street, Suite 700<br>Newark, NJ 07102 | (973) 645-2712<br>FAX (973) 645-2857 |

January 4, 2013

**VIA ELECTRONIC MAIL**
John A. Azzarello, Esq.
Arseneault, Whipple, Fasset & Azzarello, LLP
560 Main Street
Chatham, NJ 07928

      Re:  **Plea Agreement with Everett C. Miller**

Dear Mr. Azzarello:   *CR. 13-451-01 (RMB)*

    This letter sets forth the plea agreement between your client, Everett C. Miller ("Miller"), and the United States Attorney for the District of New Jersey ("this Office"). Your client may accept the terms of this plea agreement if this Office receives a fully executed original **no later than 5:00 p.m. on February 1, 2013**. Thereafter, the terms available to your client under this agreement are withdrawn and may not be relied on at any stage of your client's trial or at any sentencing proceeding.

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Defendant Miller to a two-count information, which charges him with securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2, and attempting to evade taxes, in violation of 26 U.S.C. § 7201. If Defendant Miller enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal proceedings against Miller for (1) securities fraud or other Title 18 fraud violations related to Miller's Ponzi scheme involving promissory notes issued by Carr Miller Capital from in or about 2006 through in or about 2011, and (2) attempting to evade his taxes in the tax years 2006 through 2010. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Miller agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Miller may be commenced against him, notwithstanding the expiration of the limitations period after he signs the agreement.

Sentencing

The violation of 15 U.S.C. §§ 77j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5 to which Defendant Miller agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine of $5,000,000. The violation of 26 U.S.C. § 7201 carries a statutory maximum prison sentence of 5 years and a statutory maximum fine of $250,000. The sentences on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Defendant Miller is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the Court's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Miller ultimately will receive.

Further, in addition to imposing any other penalty on Defendant Miller, the sentencing judge: (1) will order Miller to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid on or before the date of sentencing; (2) must order Miller to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Miller, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may order Miller to pay the costs of prosecution; (5) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (6) pursuant to 18 U.S.C. § 3583, may require Miller to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Defendant Miller be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Defendant Miller agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the victims of his offenses, including all taxes

due and owing, plus interest and penalties to be determined, to the Internal Revenue Service ("IRS").

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Defendant Miller by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Miller's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Defendant Miller agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Miller from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the court and to correct misinformation that has been provided to the court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Defendant Miller waive certain rights to file an appeal, collateral attack, writ, or

motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Defendant Miller agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Miller will forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b-5, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense ("the Forfeitable Property"). Miller further agrees that he will consent to the entry of a forfeiture money judgment in an amount to be determined before his guilty plea in U.S. currency ("the Forfeiture Money Judgment"), and/or substitute assets for property subject to forfeiture, as described in 21 U.S.C. § 853(p).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Miller shall cause said check to be hand-delivered to Special Agent Myrna Williams, Federal Bureau of Investigation, 3 Garret Mountain Plaza, Woodland Park, NJ 07424.

If the Forfeiture Money Judgment is not paid on or before the date Miller enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Miller fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, he consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Miller further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Miller understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule

11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Miller hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Defendant Miller understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Miller understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Miller wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Miller understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Miller waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Miller. This agreement does not prohibit the United States, any agency thereof (including the IRS), or any third party, from initiating or prosecuting any civil or administrative proceeding against Miller.

Prior to the date of sentencing, Miller shall: (1) sign Form 4549, Income Tax Examination Changes, or enter into a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment signed by Miller in lieu of filing returns or amended returns, for calendar years 2007, 2008,

and 2009; (2) pay to the IRS in readily available funds made payable to "US Treasury" all taxes and any penalty and interest owed on Form 4549 or Form 870 Waiver; and (3) fully cooperate with the IRS and comply with the tax laws of the United States. Miller agrees not to contest or seek to abate penalties or interest assessed by the IRS for his failure to make timely payments of taxes for the years 2007, 2008, and 2009, inclusive. Further, Miller agrees to allow the contents of the IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate any and all civil penalties that may be due and owing by Miller. With respect to disclosure of the criminal file to the IRS, Miller waives any rights under Title 26, United States Code, Section 7213 and Fed. R.Crim. P. 6(e), and any other rights of privacy with respect to his tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Defendant Miller and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,
PAUL J. FISHMAN
United States Attorney

By: Aaron Mendelsohn
Assistant U.S. Attorney

APPROVED:

Judith H. Germano
Chief, Economic Crimes Unit

I have received this letter from my attorney, John A. Azzarello, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and restitution consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: Jan 31, 2013
Everett C. Miller

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and restitution consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 1/31/13
John A. Azzarello, Esq.

Plea Agreement With Defendant Miller

Schedule A

1. This Office and Defendant Miller recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Miller nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Miller within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Miller further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

COUNT ONE (Securities Fraud)

3. The applicable guideline is U.S.S.G. § 2B1.1(a), which carries a Base Offense Level of 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies in that the offense involved more than $2,500,000 but less than $7,000,000 in loss, resulting in an increase of 18 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(B) applies in that the offense involved 50 or more victims, resulting in an increase of 4 levels.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Count One is 29 ("the Count One Guidelines Offense Level").

COUNT TWO (Attempting to Evade Taxes)

7. The applicable guideline is U.S.S.G. § 2S1.3, and, by reference, the Tax Tables at § 2T4.1. § 2T4.1(E) carries a Base Offense Level of 14 because the tax loss resulting from the defendant's conduct was more than $30,000 but less than $80,000.

8. Specific Offense Characteristic § 2T1.1(b)(1) applies, in that the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity, resulting in an increase of 2 levels.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Count Two is 16 ("the Count Two Guidelines Offense Level").

## GROUPING ANALYSIS

10. The parties agree that Counts One and Two of the Information do not constitute Closely Related Counts within the meaning of U.S.S.G. §§ 3D1.1 and 3D1.2. However, pursuant to U.S.S.G. § 3D1.4(c), because the Count Two Guidelines Offense Level of 16 is 9 or more levels less serious than the Count One Guidelines Offense Level of 29, such grouping does not increase the combined offense level. Therefore, the Combined Offense Level is 29.

11. As of the date of this letter, Defendant Miller has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Defendant Miller's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Defendant Miller has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Defendant Miller enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Defendant Miller's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Defendant Miller will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

13. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Defendant Miller is 26 (the "agreed total Guidelines offense level").

14. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 26 is reasonable.

15. Defendant Miller knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 26. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the

sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 26. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.